UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEROME MICHAEL HIGHTOWER, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> SHELBY COUNTY CORRECTIONS ) <br> CENTER, ET AL., ) <br> ) <br> Defendants. ) <br> ) | No. 20-2643-JDT-cgc |

ORDER TO MODIFY THE DOCKET,
DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

Before the Court is the *pro se* complaint filed on August 21, 2020, by Plaintiff Jerome Michael Hightower, who at that time was incarcerated at the Shelby County Corrections Center (SCCC) in Memphis, Tennessee. (ECF No. 1.) The Court granted Hightower's motion for leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Hightower was subsequently released and provided his new address. (ECF No. 5.) Following his submission of a non-prisoner *in forma pauperis* affidavit (ECF No. 7), the Court granted his motion for renewed pauper status. (ECF No. 8.)

Plaintiff's claims arise from his confinement at the SCCC during the ongoing Covid-19 pandemic. (ECF No. 1.) Hightower names the SCCC;[1] Shelby County Mayor Lee Harris; SCCC

---

[1] All claims against the SCCC will be treated as claims brought against Shelby County.

Administrator Anthony C. Alexander; SCCC Deputy Director Jerry Scott; and (5) SCCC Programs Director Michael Howse.[2] (*Id*. at PageID 1-2.)

Plaintiff's factual allegations, in their entirety, are as follows:

Each defendant has their responsibility to ensure that SCCC is properly run according to Local, State, and Federal laws and rules. The said listed defendants were "grossly negligent" in their handling of the Covid-19 crisis and pandemic which resulted in me contracting Covid-19 which is fatal in some cases!

(*Id.* at PageID 2.) He provides no further details, such as the period of his confinement at the SCCC, the circumstances surrounding his infection with Covid-19, or the severity of his illness.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

---

[2] The complaint identifies this Defendant as Michael House, but the correct spelling of his last name is Howse. *See* www.shelbycountytn.gov/3533/Commad-Staff. The Clerk is directed to MODIFY the docket to reflect the correct spelling.

Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Hightower filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

<u>Claims Against Shelby County/Official Capacity Claims</u>: Hightower does not specify whether he sues Defendants in their official or individual capacities, or both. To the extent he sues the Defendants in their official capacities, those claims also are treated as claims against their employer, Shelby County. *See Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Shelby County may be held liable *only* if Plaintiff's injuries were sustained pursuant to an unconstitutional custom or

policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Hightower does not allege that he has been deprived of a right because of a Shelby County policy or custom. He does not attribute his coronavirus infection to any County policy or custom. (*See* ECF No. 1 at PageID 2.) He instead seeks relief based on his general allegations about the Defendants' "'gross negligen[ce]' in their handling of the COVID-19 crisis." (*Id*.) He therefore does not state any claim against Shelby County or against the Defendants in their official capacities.

<u>*Conditions of Confinement Claims*</u>: Hightower's complaint is reasonably construed as asserting claims under the Eighth Amendment for failure to provide constitutionally adequate conditions of confinement. (*See* ECF No. 1 at PageID 2.) *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). Under that constitutional provision, prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter and medical care. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

> Extreme deprivations are required to make out a conditions of confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, . . . only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

4

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotations and citations omitted).  The Sixth Circuit has elaborated:

> In certain extreme circumstances, the totality itself may amount to an [E]ighth [A]mendment violation, but there still must exist a specific condition on which to base the [E]ighth [A]mendment claim.  We believe such conditions "considered alone or in combination [with other conditions]," *Rhodes*, [452 U.S. at 347,] must amount to a deprivation of "life's necessities," before a violation of the [E]ighth [A]mendment can be found."

*Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985).

In addition, in *Wilson v. Seiter*, the Supreme Court "not only holds that a specific deprivation of one or more identifiable human needs must be established in order to prove an Eighth Amendment violation, but it also holds that the plaintiff must show "a culpable state of mind on the part of [the defendant] prison officials. . . ." *Berryman v. Johnson*, Nos. 88-1239 & 88-1280, 1991 WL 150808, at *10 (6th Cir. Aug. 6, 1991).  "It is thus settled that Eighth Amendment claims based on prison conditions have both an objective component (denial of . . . the minimal civilized measure of life's necessities), and a subjective component ('deliberate indifference,' *e.g.*)." *Id*. (internal citation and some quotation marks omitted.)  *See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component of an Eighth Amendment claim requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 928.  A prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 347); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

The subjective component requires that jail officials acted with requisite intent – *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at

5

302-03 (plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). A prison official must subjectively know of an excessive risk of harm to an inmate's health or safety and disregard that risk. *Farmer*, 511 U.S. at 837. The Eighth Amendment does not require perfection on the part of prison officials. *See United States v. Cato*, No. 14-315-01, 2020 WL 4193055, at *1 n.1 (E.D. Pa. July 21, 2020) (internal citations omitted).

Hightower's allegation that Defendants were "grossly negligent" in their "handling" of Covid-19 (ECF No. 1 at PageID 2), does not meet these standards. He does not describe what measures Defendants did or did not take to control coronavirus spread at the SCCC. He also fails to indicate the relevant time period or the injuries he sustained from Defendants' actions concerning Covid-19.[3] (*See id.*) He refers generally to Defendants' "responsibility" to follow "Local, State, and Federal laws and rules" (*see id.*), but he neither identifies the provisions he references nor describes how Defendants failed to follow them as to Covid-19. (*See id.*)

Nevertheless, despite these pleading insufficiencies as to the Eighth Amendment's objective prong, the Court will accept for discussion purposes that Covid-19 and the risks attendant upon contracting it are sufficiently serious for purposes of the Eighth Amendment.

However, Plaintiff also fails to sufficiently allege the Eighth Amendment's subjective component as to any Defendant. The complaint does not include factual allegations demonstrating any Defendant's subjective knowledge of a risk in Plaintiff's particular case that was disregarded. Indeed, the complaint contains no factual allegations detailing *any* specific wrongful action or inaction on the part of Defendants Harris, Alexander, Scott, or Howse. When a complaint fails to

---

[3] As stated, *supra* page 2, Plaintiff alleges only that he contracted Covid-19 while at the SCCC. He provides no information about the severity of his illness.

allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. *See also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) ("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief).

In sum, Hightower's conclusory invocation of the term "gross negligence" (*see* ECF No. 1 at PageID 2), is not enough to state a claim that the Defendants displayed "deliberate indifference" to a substantial risk that he would suffer serious harm from Covid-19.

For all of the foregoing reasons, Plaintiff's complaint is subject to dismissal for failure to state any claim on which relief may be granted.

<u>Opportunity to Amend Complaint</u>:   The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and

does not infringe the right of access to the courts."). In this case, the Court finds Hightower should be given the opportunity to amend his complaint.

*Conclusion*:  In conclusion, the Court DISMISSES Hightower's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii)and 1915A (b)(1). Leave to file an amended complaint, however, is GRANTED.

Any amended complaint must be filed within twenty-one days after the date of this order, **on or before October 7, 2021**. Hightower is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. If Hightower fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                s/ **James D. Todd**
                JAMES D. TODD
                UNITED STATES DISTRICT JUDGE